UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ADRIAN BROWN** : | **CIVIL ACTION NO. 13-cv-2439** |
| #104619 | **SECTION P** |
| **VERSUS** : | **JUDGE TRIMBLE** |
| **GEO GROUP, INC., ET AL** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaint filed by *pro se* plaintiff Adrian Brown (hereafter, "plaintiff"). Docs. 1, 11, 15, 18. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Allen Correctional Center (hereafter, "ALC") in Kinder, Louisiana. Named defendants in this matter are the GEO Group, Inc., ALC Warden Terry Terrell, ALC Deputy Warden Keith Cooley, and ALC Health Services Administrator Angela Easom (hereafter "defendants").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

Plaintiff contends that the defendants have violated his Eighth Amendment rights by denying him proper medical care. Plaintiff was diagnosed with cataracts in both of his eyes on October 11, 2011. Doc. 1 att. 1, p. 2. On May 22, 2012, he was examined by an optometrist at the LSU eye clinic on referral from ALC medical staff. *Id.* Plaintiff states that the optometrist

recommended surgery and a course of treatment so that he could regain full use of his eyes. Doc. 1, p. 6.

On December 21, 2012, plaintiff filed a request for administrative remedy (hereafter "ARP") requesting that the surgery be performed as soon as possible. Doc. 1, att. 1, p. 2. The ARP was denied on the grounds that the cataracts were not visually significant at the time of plaintiff's initial diagnosis. *Id.* The denial also noted that follow-up appointment had been scheduled with the LSU eye clinic and that plaintiff's condition was not considered an emergency. *Id.*

Plaintiff states that the follow-up appointment at LSU took place on an unspecified date in 2013. Doc. 11, p. 1. In the time since that appointment, plaintiff claims that his condition had worsened to the point that his vision had become so blurry that he cannot work in the kitchen or read his own mail. *See* docs. 15, 18. Plaintiff further claims that during a routine sick call on December 17, 2013, he was made to sign a medical refusal for the surgery against his will. Doc. 18, pp. 1–2. Finally plaintiff claims that GEO implemented a "policy" to refuse him surgery in order to save money. Doc. 1, p. 9.

Plaintiff seeks injunctive relief in the form of an order compelling the surgery as well as follow-up medical care. Doc. 1, p. 11–12. He also seeks compensatory and punitive damages relative to his claims. *Id.* at 12–13.

## II. LAW & ANALYSIS

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may

be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (*citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. An initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. *Parratt v. taylor*, 451 U.S. 527, 535 (1981). If no constitutional violation has been alleged, there is no cognizable claim under § 1983. *Id.* Stated differently, in order to hold a defendant liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show: (1) that a constitutional right has been violated; and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff, via his original complaint and several supplements and amendments thereto, has sufficiently detailed his claims such that further amendment of his complaint is unnecessary. *See* docs. 1, 11, 16, 18. However, for the reasons that follow, the undersigned finds that plaintiff's

complaints fail to state a claim for which relief may be granted, and that his complaint should therefore be dismissed.

### C. Inadequate Medical Care Claim

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir.1996). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105–06. A plaintiff must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need. *Domino*, 239 F.3d at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993).

The appropriate test balances the needs of the prisoner against the needs of the penal institution, and as such, the critical focus looks to medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). A plaintiff's disagreement with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See*, *e.g.*, *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). An allegation that

a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado*, 920 F.2d at 321.  Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992).  Continuing pain is unpleasant, but it does not automatically demonstrate the occurrence of a constitutional violation.  *Id.*

In the instant case, plaintiff has failed to present non-conclusory allegations of inadequate care or a subjective intent to cause harm by any of the defendants.  Even assuming that he could prove that the decision to delay surgery was negligent, plaintiff does not present any factual allegations that the defendants subjectively intended to cause him harm.   As such, he cannot establish that ALC medical staff acted with deliberate indifference to his medical needs.

There is no doubt that plaintiff would prefer to have the cataracts removed immediately and that his worsening sight is disturbing to him.  However, his dissatisfaction with the timing of the recommended surgery does not render this a constitutional claim.  Plaintiff continues to receive medical care from ALC doctors and the LSU eye clinic, and it is evident that his condition is regularly monitored.  Plaintiff's belief that this care does not go far enough simply does not state a claim under § 1983.

D.  **Supervisor Liability Claims**

Insofar as the plaintiff names any of the defendants in supervisory capacities, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*.  *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992).  To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation.  *Id.*

The allegations of plaintiff's complaint regarding Warden Terry Terrell, Deputy Warden Keith Cooley, and GEO Group, Inc., do not satisfy the above standard. Plaintiff does not allege that these defendants were personally involved in his medical treatment or that they implemented an unconstitutional policy. Further, plaintiff's conclusory allegation that GEO has a policy against authorizing his cataract surgery due to its expense is insufficient in that it does not allege a blanket policy affecting all inmates. Even if the allegation against GEO were of a prison-wide policy, this allegation is purely conclusory.

Ultimately, plaintiff's complaints and exhibits support the conclusion that he has been consistently treated for his symptoms and referred to non-ALC physicians. Although plaintiff has alleged that medical care has been slow, and has expressed dissatisfaction with the extent and effectiveness of his treatment, none of his allegations rise to the level of deliberate indifference necessary to establish a constitutional violation cognizable under § 1983.

### III. Conclusion

For the foregoing reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Temporary Restraining Order [doc. 7] be **DENIED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this recommendation has 14 business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

-7-

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 18th day of March, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE